COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-403-CR
  
  
ROBERT EARL BROWN A/K/A                                                 APPELLANT
ROBERT E. BROWN
   
V.
   
THE STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM THE 213TH DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Robert Earl Brown appeals from his conviction for aggravated robbery with a 
deadly weapon.  In his sole point, he argues that the trial court erred in 
admitting Appellant’s confession because it “was not voluntary in that it 
was coerced based upon a promise.”  The parties are familiar with the 
facts, and the law is well settled.  We will affirm.
        In 
his sole point, Appellant focuses on his own testimony during trial that he 
signed the confession marked as State’s Exhibit Four “[b]ecause the 
detective told me if I did, I could go home.”  At trial, Appellant 
objected to the testimony of Detective Michael Baggott, who interviewed 
Appellant and obtained his written confession.  Appellant’s counsel 
stated, “I object to [the State] talking to [Detective Baggott] about 
[Appellant’s] right to remain silent.  I think going into what he told 
him is certainly abridging on his Fifth Amendment right.”  The trial 
court responded, “Not if it was done properly.”  When the State began 
questioning Detective Baggott as to whether he gave Appellant his Miranda 
warnings, counsel again objected and requested “a running objection that [this 
line of testimony] abridges [Appellant’s] right to remain silent.”  The 
trial court overruled the objection and stated, “You may have a running 
objection.”
        The 
State continued questioning Detective Baggott about his interview of Appellant 
and laid a predicate for the admission of State’s Exhibit Four.  When the 
State offered State’s Exhibit Four, Appellant’s counsel made the following 
objection: “Same objection.”  The trial court overruled the objection 
and admitted Appellant’s confession.  Because Appellant’s objection at 
trial does not comport with the argument he raises on appeal, his argument on 
appeal is waived.  See Tex. 
R. App. P. 33.1(a); Bell v. State, 938 S.W.2d 35, 54 (Tex. Crim. 
App. 1996), cert. denied, 522 U.S. 827 (1997).
        Accordingly, 
we overrule appellant’s sole point and affirm the trial court’s judgment.
  
 
                                                          PER 
CURIAM
 
  
PANEL F:   GARDNER, 
HOLMAN, and WALKER, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: August 5, 2004


NOTES
1.  See 
Tex. R. App. P. 47.4.